**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARTAVIS ANDERSON, as Independent Administrator of the Estate of Mila Anderson-Garcia, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 20 C 3963 |
| GAYLE HOPPER, individually, | ) ) | Judge Charles P. Kocoras |
| Defendant. | ) ) | |

## ORDER

Before the Court is Defendant Gayle Hopper's ("Hopper") Motion to Dismiss Plaintiff Martavis Anderson's ("Anderson") Complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court will grant the motion.

## STATEMENT

For the purposes of this motion, the Court accepts as true the following facts from the Complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). All reasonable inferences are drawn in Anderson's favor. *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014).

This case arises from the unfortunate death of Mila Anderson-Garcia ("Mila") on July 13, 2019. Plaintiff Anderson is the father of Mila and the representative of her estate. At the time of Mila's death, Defendant Hopper was the State Central Register

("SCR") Administrator at the Illinois Department of Children and Family Services ("DCFS").

On July 13, 2019, Mila was beaten to death by her mother Kaholy Garcia ("Garcia"), who had custody of Mila. Anderson alleges that Hopper had previously been made aware of the danger that Garcia posed to Mila and that she knew or should have known that leaving Mila in Garcia's care endangered Mila's life.

Based on these facts, Anderson filed his complaint on July 7, 2020. In Count I, Anderson alleges that Hopper deprived Mila of her rights under the Fourteenth Amendment to the U.S. Constitution by not removing Mila from Garcia's care. In Count II, Anderson claims a violation of the Illinois Wrongful Death Act, 740 ILCS § 180/0.01 et seq. Hopper moved to dismiss Anderson's complaint under Rule 12(b)(6) on August 27, 2020.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to raise its right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

Hopper urges the Court to dismiss the complaint, arguing that Anderson's Fourteen Amendment claim is foreclosed by the Supreme Court's decision in *Deshaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989) and that Anderson fails to properly allege a wrongful death claim.[1] We address each argument in turn.

## I.     Fourteenth Amendment Claim

Hopper argues that Anderson's Fourteenth Amendment claim is foreclosed by the Supreme Court's ruling in *Deshaney*. Anderson admits that the facts "mirror" those in *Deshaney* but argues that the Seventh Circuit abrogated *Deshaney* in *Brokaw v. Mercer County*, 235 F.3d 1000 (7th Cir. 2000). We agree with Hopper that Anderson's claim is foreclosed by *Deshaney*.

---

[1] Hopper also argues that Anderson fails to adequately allege her personal involvement in the alleged constitutional deprivation. However, we do not address this argument as we find there is no constitutional deprivation.

3

In *Deshaney*, the plaintiff was a minor who had been repeatedly beaten by his father. 489 U.S. at 192. As a result of the beatings, the child suffered permanent brain damage. *Id.* at 193. The child and his mother sued the county department of social services and several social workers for violations of the Fourteenth Amendment after failing to act on multiple complaints about the child's father. *Id.*

The Supreme Court affirmed the ruling in favor of the state, reasoning that "although the liberty protected by the Due Process Clause affords protection against unwarranted *government* interference it does not confer an entitlement to such governmental aid as may be necessary to realize all the advantages of that freedom." *Id.* (cleaned up) (emphasis in original). Therefore, "a State's failure to protect an individual against *private* violence simply does not constitute a violation of the Due Process Clause." *Id.* at 197 (emphasis added).

*Brokaw*, on the other hand, involves an entirely different set of facts. The plaintiff in *Brokaw* was a six-year-old child who was kidnapped from his home in the middle of the night. 235 F.3d at 1007. The kidnapping was the result of a conspiracy between the child's uncle, who was a deputy sheriff for the county, and several other family members to end the child's parent's marriage. *Id.* To further this plan, the uncle enlisted the help of the county sheriff and they "fabricated concerns about the welfare of [the child] and his sister." *Id.* The group arranged for a meeting with DCFS and a county judge to present these "concerns." *Id.* However, the judge did not enter a court order as a result of the meeting. *Id.*

4

Nevertheless, that night a deputy sheriff and a probation officer entered into the child's home and kidnapped the child and his sister. *Id.* The judge ordered the children wards of the state and barred the parents from seeing the children. *Id.* at 1008. Four months later, the judge allowed the parents to see the children and eventually ended the wardship. *Id.*

As is relevant here, the Seventh Circuit held that the alleged government-forced four-month separation of the children and their parents stated a substantive due process claim under the Fourteenth Amendment. *Id.* at 1019. The Court recognized that these allegations amounted to a violation of the constitutional right to familial integrity. *Id.* In other words, the substantive component of the Due Process Clause protects the family unit from governmental interference unless "definite and articulable evidence giving rise to a reasonable suspicion that a child has been abused or is in imminent danger of abuse." *Id.*

Here, we are persuaded that we are bound by the Supreme Court's decision in *Deshaney*. Unlike in *Brokaw*, this case involves no allegation of government interference. In fact, Anderson alleges just the opposite. Anderson alleges that the government failed to protect an individual against private violence. While the government may interfere with familial relations if it has evidence that the child has been abused or is in danger, *Id.* at 1019, the government is not *required* to act in those circumstances, *Deshaney*, 489 U.S. at 197. Anderson's allegations fall squarely within the holding of *Deshaney*. We are, therefore, required to follow this binding precedent.

5

*Levine v. Heffernan*, 864 F.2d 457, 459 (7th Cir. 1988) ("At the risk of restating the obvious, we note that a lower court must follow a relevant Supreme Court decision."). As a result, the Court finds that any amendment of this claim would be futile. *See Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994) (amendment of complaint would be futile if plaintiff fails to state a valid theory of liability). Accordingly, we dismiss Count I with prejudice.

## II.     Wrongful Death Claim

Because the Court dismisses Anderson's Fourteenth Amendment claim, we decline to exercise jurisdiction over Anderson's state law wrongful death claim. *Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Directors*, 593 F.3d 507, 513 (7th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)). Accordingly, we dismiss Count II without prejudice to allow Anderson to refile in state court. *Id.*

## **CONCLUSION**

For the reasons mentioned above, the Court grants Hopper's motion to dismiss (Dkt. # 8). Count I is dismissed with prejudice. Count II is dismissed without prejudice to allow Anderson to refile in state court. Civil case terminated. It is so ordered.

Dated:  12/14/2020

_____
Charles P. Kocoras
United States District Judge